AMELIA L. ORMSBY AND WATERMAN L. ORMSBY, APPELLANTS, *v.* JOHN JACQUES AND WILLIAM S. JACQUES, AS TRUSTEE, ETC., OF JOHN JACQUES, DECEASED, RESPONDENTS.

*Unauthorized appearance of attorney — judgment entered upon — when the judgment may be set aside.*

This action was brought to set aside a judgment recovered against the present plaintiff in an action to foreclose a mortgage. The complaint alleges that they were never served with a summons or complaint therein, and that they never appeared therein; that it appeared by the said judgment roll that one De Vigne appeared therein as attorney for them; that they had never authorized him so to do, nor did they know that he had done so until after the entry of the judgment and a sale thereunder. *Held,* that the complaint stated facts sufficient to constitute a cause of action, and that it was error to dismiss the same on the ground that it did not.

*Brown* v. *Nichols* (42 N. Y., 26) distinguished; *Ferguson* v. *Crawford* (Ct. of App. MS.) followed.

APPEAL from a judgment in favor of the defendants, entered upon an order dismissing the complaint herein. The action was brought to set aside a judgment entered in an action to foreclose a mortgage, in which the present plaintiffs were defendants. From the judgment roll it appeared that the plaintiffs had appeared therein by an attorney, one William De Vigne. The plaintiffs herein claimed that he appeared fraudulently and corruptly, and without any authority from them, and that they did not know that he had done so until after a sale had been had under the judgment; that neither a summons nor any other paper in the action had been served on them.

*Morris & Pearsall,* for the appellants. The justice erred in dismissing the complaint. It is well settled that a court of equity has power to grant relief against a judgment procured by fraud. (*Dobson* v. *Pearce,* 12 N. Y., 168; *Reigal* v. *Wood,* 1 Johns. Ch., 402; *State of Michigan* v. *Phœnix Bank,* 33 N. Y., 25; 2 Story Eq. Jur., § 887; *Galation* v. *Erwin,* 1 Hopk., 54; Willard's Eq. Jur., 160.) It will be observed that the direct issue in this action is whether the attorney had authority to appear. It is not a collateral

issue, as in the case of *Ferguson* v. *Crawford* (7 Hun. 25) and in the cases of *Allen* v. *Stone* (10 Barb., 547); *Denton* v. *Noyes* (6 Johns., 296); *Meacham* v. *Dudley* (6 Wend., 515); *Ellsworth* v. *Campbell* (31 Barb., 135); *Blodget* v. *Conklin* (9 How., 442). No reported case can be found limiting a party aggrieved as herein to a motion which rests in the discretion of the court, and prohibiting a suit in equity for the sole purpose of obtaining relief. On the contrary, although relief against a judgment or decree for fraud may be obtained in the same court by a motion or petition, yet it may also be obtained by an original bill in a court of equity. (Willard's Eq. Jur., 163; *State of Michigan* v. *Phœnix Bank*, 33 N. Y., 25; *Sheldon* v. *Fortescue Aland*, 3 P. Wms., 111; *Munsell* v. *Morgan*, 3 Bro. C. C., 74; *Lloyd* v. *Mansell*, 2 P. Wms., 73.) The rule that an unauthorized appearance by an attorney binds the party for whom he appears seems to have been based upon the *dicta* of Lord HOLT. The rule now in England is that if a party had no notice of the suit an appearance by an unauthorized attorney is void; but if process has been served upon him, he will not be relieved if the attorney is responsible. (*Bayley* v. *Buckland*, 1 W., H. & G., 1; *Dupen* v. *Keeling*, 4 C. & P., 102; *Emerson* v. *Brown*, 7 M. & G., 476; *Robson* v. *Eaton*, 1 T. R., 62; *Hoeker* v. *Parker*, 7 Cranch, 436; *Crichfield* v. *Porter*, 3 Ham., 518; and see *Field* v. *Gibbs*, 1 Pet. C. C., 158; *Ruckle* v. *Roach*, 2 Chit., 193; *Hubbart* v. *Phillips*, 13 M. & W., 702; *Campbell* v. *Bristol*, 19 Wend., 101.)

*Jno. H. Knaebel*, for the respondents.

DYKMAN, J.:

In the case of *Ferguson* v. *Crawford* (7 Hun, 25), it was decided by the General Term of our own district that an appearance by an attorney gives jurisdiction to the court, and that the proceedings and judgment in the action cannot be attacked collaterally, on the ground that the appearance is unauthorized and forged. This was supposed to have been settled by the decision of the Court of Appeals in the case of *Brown* v. *Nichols* (42 N. Y.; 26), and on the trial of this action the court was doubtless controlled by these decisions. Since that time the decision in *Ferguson* v. *Crawford* has been reversed by the Court of Appeals, and the decision of the court

is placed on grounds which are inconsistent with the case of *Brown* v. *Nichols.* The opinion was concurred in by all but one of the members of the court, and contains the following remarks: " In *Bolton* v. *Jacks* (6 Robt., 198), JONES, J., says that it is now conceded, at least in this State, that want of jurisdiction will render void the judgment of any court, whether it be of superior or inferior, of limited or local jurisdiction, or of record, or not, and that the bare recital of jurisdictional facts in the record of a judgment of any court, whether superior or inferior, is not conclusive, but only *prima facie,* evidence of the truth of the facts recited, and the party against whom a judgment is offered is not, by the bare fact of such recitals, estopped from showing, by affirmative proof, that they were untrue, and thus rendering the judgment void for want of jurisdiction." "It thus appears that the current of judicial opinion in this State is very strong and uniform in favor of the proposition stated by JONES, J. (in 6 Robt., 198), and if adopted here is decisive of the present case. It has not as yet, however, been directly adjudicated, and if sustained it must rest upon the local law of this State as it finds no support in adjudications elsewhere. There are reasons, however, founded upon our system of practice which would warrant us in so holding. The powers of a court of equity being vested in our courts of law, and equitable defenses being allowable, there is no reason why, to an action upon a judgment, the defendant should not be permitted to set up, by way of defense, any matter which would be ground of relief in equity against the judgment, and it is conceded in those States where the record is held conclusive that where the judgment has been obtained by fraud, or without bringing the defendant into court, and the want of jurisdiction does not appear upon the face of the record, relief may be obtained in equity."

It is true that Ferguson's case involved the question of forgery, but that makes no difference so far as the jurisdiction of the court is concerned. Whether the appearance is forged or unauthorized, the court obtains no jurisdiction of the person, and in all such cases relief may be obtained in equity, according to the decision of the Court of Appeals in the case of Ferguson.

This action is brought to set aside a judgment, and all the proceedings thereunder, in an action to foreclose a mortgage. The

complaint alleges, among other appropriate things, that the summons in the action, nor any other papers therein, were served on the plaintiff in that action, and that they never appeared therein. Thus it appears by the judgment roll that one William De Vigne appeared for them as their attorney in that action, and admitted service of a copy of the summons in the action, except notices of sale and surplus; that they did not authorize him or any other person to appear for them, and had no knowledge or information of the action, or any proceeding therein, or in the sale of the premises until the 28th day of January, 1877, and that De Vigne fraudulently and corruptly appeared for them as their attorney in the action, without any authority from them so to do.

On the trial the complaint was dismissed, on the ground that it did not contain facts sufficient to constitute a cause of action. As the law has been since interpreted by the Court of Appeals in Ferguson's case, this decision was wrong, and the judgment entered thereon must be reversed, and a new trial granted, with costs to abide the event.

GILBERT, J., concurred; BARNARD, P. J., not acting.

Judgment reversed and new trial granted, costs to abide event.